IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSARIO "ROSS" FIORANI, *et al.*, | : | 1:10-cv-880 |
| | : | |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| CHRYSLER-DODGE CORP., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **August 30, 2010**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc.6), filed on August 9, 2010, which recommends that this action be transferred to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by August 26, 2010.

I.  **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

II. **DISCUSSION**

On April 26, 2010, Plaintiff Rosario "Ross" Fiorani, proceeding *pro se,* filed this action. He states that this action is brought by "seven States Attorney Generals and by the Federal Trade Commission, or by Plaintiff *Pro-Se* [sic], and seven States

Attorney Generals."[2] The Defendant in this action are Chrysler-Dodge Corporation, fifty six (56) separate Dodge dealerships, and Robert Kidder, Chairman or Chief Executive Officer of Chrysler-Dodge Corporation.

In the Complaint, Plaintiff alleges that he was prevented from purchasing a Dodge Charger, R/T despite a contract he had allegedly entered into with Chrysler-Dodge and Chrysler Financial which authorized prearranged and pre-approved credit for the purchase of the Charger. Plaintiff's allegations specifically refer to Chrysler-Dodge dealerships that are located in the Eastern District of Virginia, as well as Baltimore, Maryland.

In recommending that this action be transferred to the Eastern District of Virginia, Magistrate Judge Mannion notes that a substantial part of the events giving rise to Plaintiff's claims did *not* take place in the Middle District of Pennsylvania, but occurred in Virginia, thus venue is proper there pursuant to 28 U.S.C. § 1391. Also, Magistrate Judge Mannion undertook an analysis of the factors set forth in § 1404(a), and noted that this case is more conveniently tried in the Eastern District of Virginia.

---

[2] It is well to note that the only filings thus far in this action have been by Plaintiff. There have been no filings made by any Attorneys General.

As we have already mentioned, neither Defendants nor Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An appropriate Order shall issue.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSARIO "ROSS" FIORANI, et al., | : |
| Plaintiffs, | : CIVIL ACTION NO. 1:10-0880 |
| v. | : (JONES, D.J.) |
| | : (MANNION, M.J.) |
| CHRYSLER-DODGE CORPORATION, et al., | : |
| | : |
| Defendants. | |

### REPORT AND RECOMMENDATION[1]

On April 26, 2010, plaintiff Rosario "Ross" Fiorani, proceeding *pro se*, commenced this action by filing a complaint. (Doc. No. 1). In the complaint, plaintiff Fiorani states that this action is brought "by seven States Attorney Generals and by the Federal Trade Commission, or by Plaintiff *Pro-Se* [sic], and seven States Attorney Generals."[2] (Doc. No. 1 at 1). The defendants in this action are Chrysler-Dodge Corporation, fifty six (56) separate Dodge

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] The court notes that the only filings thus far in this action have been by plaintiff Fiorani.

dealerships[3], and Robert Kidder, Chairman or Chief Executive Officer of Chrysler-Dodge Corporation. (Doc. No. 1).

The gravamen of the thirteen-count complaint is that plaintiff Fiorani was prevented from purchasing a Dodge Charger, R/T ("Charger") pursuant to a contract he had allegedly entered into with Chrysler-Dodge and Chrysler Financial which authorized prearranged and pre-approved credit for the purchase of the Charger. In addition, plaintiff Fiorani alleges that the fifty-six dealerships committed violations of federal and state law and, that defendant Kidder has continued to cover up the unlawful actions of these dealerships.

On April 26, 2010, plaintiff Fiorani also filed a motion for leave to proceed in forma pauperis. (Doc. No. 2). As plaintiff Fiorani is seeking leave

---

[3] The Dodge dealerships located in Maryland that plaintiff brings this action against are Don White's, Antwerpen, Schaefer & Struminger, DARCARS, Sheehy, Century, Maryland, Montrose, Waldorf, Len Stoler and Criswell Dodge. The Dodge dealerships located in Virginia that plaintiff brings this action against are Kia, Safford, Farrish, Ourisman, Whitten Bros., Williamsburg, Tysons Corner, Lustine, Koons, Green Gifford, Greenbrier, Pearson, Brown's, Grafton, Tyinsger, Culpepper, POMOCO, Duncan, Blackwell, Dick Myers, Crossroads, Passport, Dominion and Christiansburg Dodge. The dealerships located in West Virginia that plaintiff brings this action against are Logan and Stephens Dodge. The dealership located in Delaware that plaintiff brings this action against is Carman Dodge. The dealership located in Florida that plaintiff brings this action against is Greenway Dodge. The dealership located in Pennsylvania that plaintiff brings this action against is Buchanan Dodge.

2

to proceed *in forma pauperis*, the court accordingly is giving the complaint preliminary consideration pursuant to 28 U.S.C. 1915(e)(2)(B).[4] In giving the complaint preliminary consideration pursuant to 28 U.S.C. 1915(e)(2)(B), the court will recommend that (1) the complaint be transferred to the United States District Court for the Eastern District of Virginia, and that (2) plaintiff Fiorani's motion to proceed *in forma pauperis* be held in abeyance for consideration by the United States District Court for the Eastern District of Virginia.

> In a civil action, not based solely on diversity, venue is proper:
>
> only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b).

A review of the complaint indicates that a substantial part of the events giving rise to plaintiff Fiorani's claims did not occur within the Middle District

---

[4] Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding *in forma pauperis* "if the court determines that . . . the action or appeal (I) is frivolous or malicious; ( ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

3

of Pennsylvania. Rather, the court finds that the complaint indicates a substantial part of the events giving rise to plaintiff Fiorani's claims occurred within the Eastern District of Virginia. Thus, venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. §1391(b)(2).[5]

As an initial matter, in Counts I, VI, VIII, IX, XI and XII of the complaint, the plaintiff fails to provide sufficient factual support for his claims in order for the court to determine where the events or omissions giving rise to his claims occurred.[6] Consequently, the court will turn to Counts II, III, IV, V, VII, X and

---

[5] In addition, based on the various defendants in this action, it also appears that venue is not proper in the Middle District of Pennsylvania under 28 U.S.C. §1391(b)(1).

[6] In Count I of the complaint, plaintiff alleges that defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1961. In Count VI of the complaint, plaintiff brings a claim for tortuous interference with sales contracts. Plaintiff appears to take issue with the fact that the dealerships did not enforce the alleged contract that would allow him to obtain the Charger. In Count VIII of the complaint, plaintiff brings a claim for "tortuous conversion of [pre-sold] property." It appears that plaintiff, again, takes issue with the fact that dealerships failed to enforce the contract which would allow him to purchase the Charger. In Count IX of the complaint, plaintiff brings a claim for "outrageous conduct and gross negligence." In Count XI of the complaint, plaintiff brings a claim titled "respondeat superior against Chrysler Group Corp." In Count XII of the complaint, plaintiff brings a claim for "vicarious liability, dealers' owners and/or Chrysler-Dodge Corporation." The court notes that in Counts XI and XII, plaintiff appears to be seeking to impose liability on Chrysler-Dodge Corporation and the owners of the dealerships based on the prior claims in Counts I-X. Consequently, there is no additional factual support in Counts XI or XII as to where the events or omissions giving rise to plaintiffs' claims occurred.

4

XIII where plaintiff does provide factual support for his claims.

In Count II of the complaint, plaintiff brings a conspiracy and conspiracy to defraud claim. (Doc. No. 1 at 12). He alleges that the following dealerships were involved in the conspiracy: Don White's, Schaefer & Struminger, Antwerpen, Safford, Farrish, DARCARS, Tysons Corner, Ourisman, Koons, POMOCO, Pearson, Whitten Bros., Williamsburg, Greenbrier, Tysinger, Brown's and Pohanka. *Id.* at 12-13. Moreover, plaintiff alleges that the purpose of the conspiracy was to cause plaintiff's false and materially misleading credit information to be unlawfully obtained in order to interfere with plaintiff's contract with Chrysler-Dodge and Chrysler Financial for the sale of the Charger. *Id.* at 14-15.

In Count III of the complaint, plaintiff brings a conspiracy claim due to "Lustine's harassment by telephone." (Doc. No. 1 at 16). Plaintiff alleges that various employees at Lustine Dodge in Woodbridge, Virginia repeatedly called him, and harassed him, since he had filed a consumer complaint with Chrysler-Dodge, Fairfax County Police and Virginia State Police concerning Lustine Dodge's criminal misconduct. *Id.* at 16-19.

In Count IV of the complaint, plaintiff brings "false advertising" and "fraud by internet websites" claims. (Doc. No. 1 at 20). Plaintiff alleges that he

5

used Virginia and Maryland Chrysler-Dodge dealership websites in order to locate the Charger. *Id.* According to the websites, the Charger was available at several Maryland dealerships, namely Don White's Dodge, Antwerp Dodge, Schaefer & Struminger Dodge, DARCARS, Sheehy Dodge, Century Dodge, Maryland Dodge, Montrose Dodge, Waldorf Dodge, Len Stoler Dodge and Criswell Dodge. *Id.* at 20-21. However, plaintiff Fiorani takes issue with the fact that the Charger which was advertised as a "fleet police chargers vehicle," was not available on the floors at the Maryland dealerships. *Id.* at 21-22.

In Count V of the complaint, plaintiff brings an intentional infliction of emotional distress claim. (Doc. No. 1 at 23). Plaintiff alleges that Lustine Dodge, Safford Dodge (Springfield, Fredericksburg), Don White's Dodge, Waldorf Dodge, DARCARS Dodge (Silver Spring, Marlow Heights), Criswell Dodge (Gaithersburg), Farrish Dodge, Ourisman Dodge, Green Griffin Dodge, Greenbrier Dodge, Pearson Dodge, Whitten Bros. Dodge (Ashland), Tysons Dodge, Schaefer & Struminger Dodge, Len Stoler Dodge (Westminster, Maryland), Manassas Dodge, Stephens Auto Center Dodge (West Virginia), and Logan Dodge (West Virginia) "did deliberately, willfully and maliciously, while acting in a conspiracy with other dealers, to voluntarily violate, by direct

6

reprehensible and outrageous conduct, beyond bounds of decency, intended to recklessly interfere with Plaintiff's contractual agreement and relationships with Chrysler-Dodge and Chrysler Financial credit loan." (Doc. No. 1 at 23-24). Although not entirely clear, it appears that plaintiff Fiorani takes issue with these dealerships because they did not allow him to purchase a Charger pursuant to the alleged agreement he had entered into with Chrysler-Dodge and Chrysler Financial.

In support of this claim, plaintiff alleges that in February of 2009, he went to Safford Dodge in Springfield, Virginia and that in March of 2009, he went to Tysons Dodge in Vienna, Virginia, to purchase a Charger pursuant to the prearranged and pre-approved credit contract, but that the contract was not enforced at either dealership. (Doc. No. 1 at 23 n.24, 24 n.25). Plaintiff also alleges that he had the same experience at Don White's Dodge in Baltimore, Maryland.[7] *Id.* at 24 n. 25.

In Count VII of the complaint, plaintiff brings a claim for conspiracy to violate the Fair Credit Reporting Act, 15 U.S.C. §1681. (Doc. No. 1 at 29).

---

[7] In addition, plaintiff alleges that defendant Kidder and CEO Douglas Bett failed to respond to plaintiff's approximate three dozen consumer complaints and telephone calls concerning the acts of the dealerships. (Doc. No. 1 at 24-25).

7

Plaintiff asserts that the following dealerships were involved in the alleged conspiracy: Safford Dodge (Springfield and Fredericksburg), Farrish Dodge, Don White's Dodge, Manassas Dodge, Koons Dodge, Greenbrier Dodge (Chesapeake), Kia Dodge, Ourisman Dodge, Criswell Dodge, Montrose Dodge, Dominion Dodge, Tysinger Dodge, Whitten Bros. Dodge, Logan Dodge, Pearson Dodge, Brown's Dodge, Sheehy Dodge, Stephens Auto City Dodge, Len Stoler Dodge, Waldorf Dodge, Lustine Dodge, Tysons Dodge, Antwerpen Dodge, Schaefer & Stuminger Dodge, Buchanan Dodge, Wiallmsburg Dodge, Pohanka Dodge, POMOCO Dodge as well as other dealers which plaintiff fails to identify. *Id.* at 29-31.

Plaintiff alleges that the dealerships made false statements to him concerning his contract with Chrysler-Dodge and Chrysler Financial in order to illegally obtain his credit report in violation of the Fair Credit Reporting Act. *Id.* at 32. In addition, plaintiff states that the dealerships were aware that the vehicle was being purchased under the name of his employer and that his personal credit report was not to be used. *Id.* More specifically, plaintiff indicates that he had these issues at Farrish Dodge in Fairfax, Virginia; Greenbrier Dodge in Chesapaeke, Virginia; Criswell Dodge in Gaithersburg, Maryland; Williamsburg Dodge in Williamsburg, Virginia; and Pomoco Dodge

in Newport News, Virginia. *Id.* at 29-31.

In Count X of the complaint, plaintiff brings a claim for "false advertising (intent not to sell or deliver car)." (Doc. No. 1 at 38). Plaintiff alleges that (1) the fifty-six dealerships "deceptively and materially" advertised with respect to certain cars that plaintiff wanted, and (2) that twelve of the fifty-six dealerships refused to sell plaintiff a car, without any reason for not doing so, despite the prior contractual agreement between plaintiff, Chrysler-Dodge and Chrysler Financial. *Id.* at 38-39. The only dealership that plaintiff specifically identifies in Count X is Criswell Dodge which is in Gaithersburg, Maryland. *Id.* at 39.

Finally, in Count XIII of the complaint, plaintiff brings a claim for "retaliation of a victim, witness and informant." (Doc. No. 1 at 47). Plaintiff alleges that while he was at Greenbrier Dodge in Chesapeake, Virginia, plaintiff and his friend, were ordered out of the dealership after plaintiff was threatened and various negative statements were made about him. *Id.* at 47-49. In addition, plaintiff alleges that the employees at the dealership refused to sell him the Charger. *Id.*

Based on the facts and incidents alleged in support of Counts II, III, IV, V, VII, X and XIII, the court finds that a substantial part of the events giving

9

rise to plaintiff Fiorani's claims occurred in Virginia within the Eastern District of Virginia. The incident giving rise to plaintiff's claim in Count III occurred at Lustine Dodge which is located within the Eastern District of Virginia. The majority of the events giving rise to plaintiff's intentional infliction of emotional distress claim in Count V occurred at Safford Dodge and Tysons Dodge which are also located within the Eastern District of Virginia. Yet again, in Count VII, four of the five dealerships, where the alleged events giving rise to plaintiff's conspiracy claim occurred, are located within the Eastern District of Virginia. More specifically, those dealerships are Safford Dodge, Greenbrier Dodge, Williamsburg Dodge and Pomoco Dodge. Finally, in Count XIII, the only incident alleged by plaintiff occurred at Greenbrier Dodge, which is also located within the Eastern District of Virginia. Consequently, it is clear that a substantial part of the events giving rise to plaintiff's claims occurred within the Eastern District of Virginia.

Moreover, it is also clear that a substantial part of the events giving rise to plaintiff's claims did *not* take place within the Middle District of Pennsylvania. Therefore, the court finds that the Eastern District of Virginia is a proper venue pursuant 28 U.S.C. §1391(b)(2).

In addition, in considering proper venue, the court must also look at the

factors set forth in §1404(a) in rendering an appropriate decision that is in the interest of justice. *See generally*, <u>Jumara v. State Farm Insurance Co., 55 F.3d 873, 879 (3d Cir. 1995)</u>. "For the convenience of parties and witnesses, in the interest in justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a).

In this case, the action is in its early stages. Based upon the allegations set forth in the complaint, the majority of the potential witnesses would be located in the Eastern District of Virginia, while a de minimus number, at best, would be located in the Middle District of Pennsylvania. As such, the matter properly belongs in the Eastern District of Virginia and the interests of justice require its transfer to that District.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

(1) The instant action be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. 1404(a); and

(2) Plaintiff's application to proceed in forma pauperis, (Doc. No. <u>2</u>), be held in abeyance for review and decision by the court in the Eastern District of Virginia.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:** August 9, 2010
O:\shared\REPORTS\2010 Reports\10-0880-01.wpd

11

# N O T I C E

Any party may obtain a review of the magistrate judge's above proposed determination pursuant to Rule **72.3**, M.D.PA, which provides:

## 72.3 REVIEW OF REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGES ADDRESSING CASE DISPOSITIVE MOTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within **fourteen (14) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.