IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MAR 1 8 2011

ROSARIO "ROSS" FIORANI, )
     Plaintiff, )
 )
v. )    Case No. 1:10cv989
 )
CHRYSLER-DODGE CORP., et al., )
     Defendants. )

## ORDER

Plaintiff, a frequent filer of frivolous lawsuits in this district, is subject to a prefiling injunction that prohibits plaintiff from "filing [] actions in federal district court without prior leave of court." *See Fiorani v. Metcalf, et al.*, 1:00cv619 (E.D. Va. May 12, 2000) (J. Bryan). In his latest complaint, which spans fifty pages and includes 116 numbered paragraphs, plaintiff alleges that dozens of Chrysler-Dodge dealerships in multiple states refused to sell him a Dodge Charger R/T even though he had pre-arranged and pre-approved financing through Chrysler Financial. Based on these meager facts, plaintiff asserts numerous claims for relief under federal and state law, and he requests hundreds of thousands of dollars in damages.[1] In a thorough and

---

[1] The facts of this case are similar to the previous cases filed by plaintiff in this district that led Judge Bryan to issue a prefiling injunction. Briefly stated, on or about December 20, 1997, plaintiff went to a Crystal Ford dealership in Silver Spring, Maryland, and attempted to purchase, on behalf of Consumer Affairs Research and Investigation Group, a used 1997 Crown Victoria automobile. Plaintiff falsely identified himself as a federal investigator, falsely represented that Consumer Affairs was a federal agency, and falsely represented that the United States government would pay for the vehicle. Crystal Ford eventually determined that plaintiff was not eligible to obtain financing to purchase the vehicle personally and canceled the transaction. On September 9, 1998, plaintiff was indicted on four counts of wire fraud and one count of false impersonation of an officer or employee of the United States in connection with his false representations to Crystal Ford and Ted Britt Ford. On November 2, 1998, plaintiff entered a plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Based on his inability to purchase the Crown Victoria, plaintiff filed at least three suits in this district against a number of different defendants, including Crystal Ford, the Ford Motor Company, and others. One of these civil actions was filed before his criminal conviction, but at least two others were filed

well-reasoned Report and Recommendation ("R&R"), the magistrate judge recommended that plaintiff be denied leave to proceed *in forma pauperis* ("IFP"), and that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. In response, plaintiff filed a seventeen-page brief, raising four nearly incomprehensible objections to the R&R. After conducting a *de novo* review of the entire record, including plaintiff's fifty-page complaint and plaintiff's objections to the R&R, it is clear that plaintiff has once again filed a meritless suit in federal court and, therefore, his complaint is dismissed in its entirety.

I.

The magistrate judge's R&R fully and correctly sets forth the facts and procedural history of this case. Briefly stated, on April 26, 2010, plaintiff Rosario "Ross" Fiorani initiated this *pro se* action by filing a thirteen-count complaint in the Middle District of Pennsylvania. Along with his complaint, plaintiff also filed an application to proceed IFP. In his complaint, plaintiff states that "[t]his civil action is intended to be brought by seven States Attorney Generals and by the Federal Trade Commission, or by Plaintiff *Pro-Se*, and seven States Attorney Generals . . . ."[2] The defendants in this action are: (1) Chrysler-Dodge Corporation; (2) Robert Kidder, the Chairman or Chief Executive Officer of the Chrysler-Dodge Corporation; and (3) fifty-six separate Chrysler-Dodge dealerships.

The majority of plaintiff's claims arise from his unsuccessful attempt to purchase a Dodge Charger R/T. According to plaintiff, several Chrysler-Dodge dealers refused to sell him

---

afterwards. In his suits, plaintiff asserted claims for, among others, breach of contract, conversion, intentional infliction of emotion distress, and violation of the Fair Credit Reporting Act.

[2] Plaintiff's suggestion that his suit is filed in conjunction with, or on behalf of, the "Federal Trade Commission" and "seven States Attorney Generals" is completely imaginary, as neither the Federal Trade Commission nor any state attorney general has intervened in this action or otherwise indicated support for plaintiff's complaint.

the vehicle despite his pre-arranged and pre-approved credit with Chrysler Financial. Plaintiff also alleges that several Chrysler-Dodge dealers unlawfully obtained his credit report without his consent, engaged in false advertising, and harassed him. Finally, plaintiff alleges in his complaint that the Chrysler-Dodge Corporation's chairman or CEO, Robert Kidder, has continued to cover up the unlawful actions of the various Chrysler-Dodge dealers.

Based on these allegations, plaintiff asserts myriad claims for relief under federal and state law in thirteen separate counts: Count 1 (RICO), Count 2 (Conspiracy and Conspiracy to Defraud), Count 3 (Conspiracy, Lustine's Harassment by Telephone), Count 4 (False Advertising, Fraud by Internet Websites), Count 5 (Intentional Infliction of Emotional Distress), Count 6 (Tortuous Interference with Sales Contracts), Count 7 (Conspiracy to Violation [sic] FCRA, 15 U.S.C. § 1681 *et seq.*), Count 8 (Tortuous Conversion of [Pre-Sold] Property), Count 9 (Outrageous Conduct and Gross Negligence), Count 10 (False Advertising (Intent Not to Sell or Deliver Car)), Count 11 (Respondeat Superior Against Chrysler Group Corp.), Count 12 (Vicarious Liability, Dealers' Owners and/or Chrysler-Dodge Corporation), and Count 13 (Retaliation of a Victim, Witness and Informant). For each count, plaintiff demands hundreds of thousands of dollars in compensatory, consequential, and punitive damages.

On August 30, 2010, plaintiff's complaint was transferred to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a), with a ruling on plaintiff's motion to proceed IFP deferred pending review by this Court. *See Fiorani v. Chrysler-Dodge Corp.*, No. 1:10cv880, 2010 WL 3603906 (M.D. Pa. Aug. 30, 2010). Following its transfer, the matter was referred to a magistrate judge for preparation of a prompt R&R addressing (i) whether plaintiff's IFP application should be granted or denied, and (ii) whether the matter should be dismissed, either in whole or in part, pursuant to 28 U.S.C. § 1915(e)(2). *See Fiorani v. Chrysler-Dodge Corp., et*

*al.*, 1:10cv989 (E.D. Va. Dec. 14, 2010) (Order). Shortly thereafter, plaintiff filed a somewhat indecipherable motion, requesting: (1) disqualification of this Court, pursuant to 28 U.S.C. § 455(a), on the ground that all of the judges in this district are "corrupt" and "biased" against *pro se* plaintiffs; and (2) transfer of his civil suit back to the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). Plaintiff's § 455(a) disqualification request was promptly denied because plaintiff failed to establish any bias, prejudice, or "deep-seated favoritism or antagonism" on the part of any judge of this Court that would make fair judgment of this proceeding impossible in this district. *See Fiorani v. Chrysler-Dodge Corp., et al.*, 1:10cv989 (E.D. Va. Jan. 3, 2011) (Order) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Likewise, plaintiff's request to remand the matter back to the Middle District of Pennsylvania was also denied because the § 1404(a) transfer to the Eastern District of Virginia was entirely appropriate given the facts of this case. *Id.*

In a well-reasoned and thorough R&R, the magistrate judge recommended dismissal of plaintiff's complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. Specifically, the magistrate judge concluded that Counts 1-2 and 5-12 should be dismissed because plaintiff failed to allege sufficient facts to state plausible claims for violation of any of the state or federal laws identified in those counts. According to the magistrate judge, plaintiff supported these counts with the bare assertion that several Chrysler-Dodge dealers engaged in wrongdoing by refusing to sell plaintiff a Dodge Charger R/T even though plaintiff had obtained pre-approved financing with Chrysler-Financial.[3] The magistrate judge quoted the following allegation from plaintiff's complaint as an

---

[3] The Magistrate Judge concluded that plaintiff's allegation that plaintiff or his employer had pre-approved financing with Chrysler Financial was implausible given the lack of supporting facts, including the amount or terms of the alleged credit. The Magistrate Judge also noted that

example of the type of generalized allegations that saturate plaintiff's fifty-page complaint: "Defendant dealers were each acting contrary to and opposite of or adverse to Fiorani's pre-approved and pre-arranged credit issued by Chrysler Financial in and after January 2009 to March 2010." Compl. ¶ 5. The magistrate judge analyzed Counts 3-4 and Count 13 individually and likewise recommended that these claims be dismissed for failure to state a claim.

The magistrate judge also recommended that plaintiff's IFP application be denied pursuant to 28 U.S.C. § 1915(e)(2)(A), which provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." In his IFP application, plaintiff states that (i) he receives thirty dollars per month in interest and dividend income, (ii) he incurs $65,000 in monthly expenses relating to his "profession" and various lawsuits, and (iii) he resides in Kingstowne, Virginia. The magistrate judge concluded that these facts were inconsistent with plaintiff's statements that he has no income, assets, or public assistance benefits.

After publication of the magistrate judge's R&R, plaintiff filed a seventeen-page brief titled, "Plaintiff's and States Attorney Generals' Objections and Challenges to Report and Recommendation Against Filed IFP; Adverse To and Opposite Ruling of the Third Circuit Granted IFP and Civil Case Against 56-Dodge Dealers and Chrysler-Dodge Corp., et al." Putting it mildly, plaintiff's brief is difficult to follow. Construed liberally, it appears that plaintiff makes four objections to the R&R: (1) the magistrate judge should be disqualified from the matter, pursuant to the federal recusal statutes,[4] because the magistrate judge is biased against *pro se* plaintiffs; (2) the R&R is contrary to an order issued by the Third Circuit that allegedly

---

plaintiff repeatedly failed to identify the specific Chrysler-Dodge dealers that allegedly violated his rights.

[4] 28 U.S.C. §§ 144, 455.

overturned the Middle District of Pennsylvania's decision to transfer the matter to the Eastern District of Virginia; (3) the R&R deprives plaintiff of his Fourteenth Amendment right to access to the courts; and (4) plaintiff's complaint does not fail to state a claim upon which relief can be granted. These objections are meritless.

## II.

Pursuant to 28 U.S.C. § 636, a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. *See* 28 U.S.C. § 636(b)(1). A party may serve and file written objections to the magistrate judge's R&R within fourteen days of being served with a copy. *Id.* The district judge shall make a *de novo* determination of those portions of the R&R to which an objection is made. *Id.* The district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* The district court may also request further evidence on the matter. *Id.*

## III.

Analysis properly begins with the question whether plaintiff's application to proceed IFP should be granted or denied. A party seeking to proceed IFP must show, by affidavit, that he is unable to pay court fees. *See* 28 U.S.C. § 1915(a)(1); *DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003). Here, plaintiff submitted an affidavit stating that he has no monthly income,[5] assets,[6] or public assistance benefits. The magistrate judge recommended denying plaintiff's application to proceed IFP because his allegations of poverty are contradicted by other statements in his affidavit. While there are some inconsistencies in plaintiff's affidavit, in light

---

[5] Plaintiff states that his monthly employment income "varies due to prosecutions." It is impossible to determine what plaintiff means by this statement. However, he clearly wrote the number zero in the block for total monthly income.

[6] The only asset plaintiff lists in his IFP affidavit is "income not received pending in c[our]ts over 7 years est[imate]." According to plaintiff, he is owed $1,500,000.

of his representation that he has no income, assets, or public assistance benefits, it is an appropriate exercise of discretion to allow plaintiff to file his complaint with paying the filing fee.

The next step in the analysis is to evaluate whether plaintiff's complaint survives threshold dismissal. Under 29 U.S.C. § 1915, which governs IFP proceedings, a district court must dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 29 U.S.C. § 1915(e)(2)(B). Here, after conducting a *de novo* review of the entire record, it is clear that the magistrate judge correctly concluded that plaintiff has failed to state any plausible claim for relief pursuant to the standards set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's fifty-page complaint is largely incoherent and virtually devoid of factual allegations. For the most part, plaintiff supports his numerous claims with the general allegation that several Chrysler-Dodge dealers wrongfully refused to sell him a Dodge Charger R/T in accordance with plaintiff's pre-approved financing agreement with Chrysler Financial. Plaintiff also variously alleges that several Chrysler-Dodge dealerships unlawfully obtained his credit report, that several Chrysler-Dodge dealerships engaged in false advertising and harassment, and that the Chairman or CEO of the Chrysler-Dodge Corporation covered up the wrongful acts of several Chrysler-Dodge dealers. None of these bare allegations is sufficient to state a plausible claim for relief under any of the legal theories plaintiff asserts in his complaint.

This conclusion is not undermined by any of plaintiff's objections. Based on a liberal reading of plaintiff's brief, plaintiff appears to assert four objections to the magistrate judge's R&R. Plaintiff's first objection is that the magistrate judge should be disqualified, pursuant to

the federal recusal statutes,[7] because the magistrate judge is biased against *pro se* plaintiffs. After reviewing the entire record in this case, as well as plaintiff's filings in other cases, it appears that plaintiff's *modus operandi* is to appeal any adverse ruling on the grounds of judicial bias or judicial misconduct. For example, plaintiff filed a *writ of mandamus* in the Third Circuit seeking to overturn the Middle District of Pennsylvania's decision to transfer this matter to the Eastern District of Virginia because of judicial misconduct. Moreover, in his briefs, he also appears to suggest that other judges in this district who issued adverse rulings in past cases are corrupt and biased. In any event, plaintiff's objection is meritless. Plaintiff has not alleged a single fact suggesting that the magistrate judge has a personal bias or prejudice against *pro se* plaintiffs.

Plaintiff's second objection to the magistrate judge's R&R is that it conflicts with an earlier order issued by the Third Circuit that allegedly grants plaintiff leave to proceed IFP and overturns the Middle District of Pennsylvania's decision to transfer venue. After plaintiff's action was transferred to the Eastern District of Virginia, plaintiff filed a petition for a *writ of mandamus* in the Third Circuit, alleging that the decision to transfer venue was improper. Initially, the Third Circuit refused to address plaintiff's petition because he failed to pay the filing fee and had not moved for leave to proceed IFP. Plaintiff then filed an IFP motion, which was denied because plaintiff's application contained inconsistent statements of poverty. However, after plaintiff filed a brief alleging that he has not been employed since 2001, the Third Circuit granted plaintiff leave to proceed IFP and summarily denied his petition. The Third Circuit held that a writ is not a substitute for an appeal, and plaintiff can appeal the decision to transfer venue after entry of a final order by this Court. Thus, contrary to plaintiff's assertion,

---

[7] 28 U.S.C. §§ 144, 455.

the Third Circuit did not overrule the district court's decision to transfer this matter to the Eastern District of Virginia. Moreover, to the extent that plaintiff's objection is that the magistrate judge's recommendation to deny plaintiff leave to proceed IFP conflicts with the Third Circuit's earlier decision, his objection is meritless. The Third Circuit's decision to grant plaintiff IFP status does not have preclusive effect on the decision to grant IFP status in this matter. In any event, plaintiff's objection is now moot because plaintiff has been granted leave to proceed IFP.

Plaintiff's third objection to the R&R is that dismissing his case violates his Fourteenth Amendment right to access to the courts. In support of his argument, plaintiff cites the Supreme Court's opinion in *Boddie v. Connecticut*, 401 U.S. 371, 382 (1971), holding that the Fourteenth Amendment prohibits denying litigants access to courts to obtain a divorce based on their inability to pay certain filing fees. Plaintiff's Fourteenth Amendment argument is unpersuasive because his complaint fails to state a claim upon which relief can be granted, and the Fourteenth Amendment does not give plaintiff the right to file a meritless lawsuit.

Plaintiff's final objection to the R&R is that the magistrate judge erred in concluding that the complaint fails to allege sufficient facts to state any claim for relief. In support of his argument, plaintiff cites the Supreme Court's opinion in *Conley v. Gibson*, 335 U.S. 41 (1957), and he copies an excerpt of the Supreme Court's decision in *Twombly*.[8] Plaintiff does not identify which of the claims in his thirteen-count complaint state plausible claims, nor does he provide any explanation or analysis as to why those claims are valid. Given this, plaintiff's objection is nothing more than a general objection to the R&R, which is "tantamount to a failure to object." *Miles v. Richland Mem'l Hosp.*, No. 96-2235, 1997 WL 107738, at *1 (Mar. 12,

---

[8] Plaintiff neglects to notice that *Twombly* (and later *Iqbal*) effectively overrules *Conley*.

1997).[9] Moreover, as explained above, after a *de novo* review of the record, it is clear that the magistrate judge correctly concluded that plaintiff has failed to state a claim upon which relief may be granted.

Accordingly, for these reasons,

It is hereby **ORDERED** that all of plaintiff's objections are **OVERRULED**.

It is further **ORDERED** that the Court **ADOPTS** as its own the recommendation of the United States Magistrate Judge that plaintiff's complaint be dismissed for failure to state a claim, pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), as set forth in the January 26, 2011 Report and Recommendation.

It is further **ORDERED** that plaintiff's complaint be, and hereby is, **DISMISSED**.

The Clerk is directed to send a copy of this Order to all counsel of record and to place the matter among the ended matters.

Plaintiff may appeal this Order by filing a notice of appeal with the Clerk of the Court within 30 days of the date of this Order.

Alexandria, Virginia
March 18, 2011

/s/
T. S. Ellis, III
United States District Judge

---

[9] *See also United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*'" (quoting 28 U.S.C. § 636(b)(1))).